Annie Wood, Appellant, *v.* Diamond Electric Company.

*Negligence—Contributory negligence—Electricity—Death—Nonsuit.*

In an action against an electric light company to recover damages for death, a nonsuit is properly entered where the evidence shows that the deceased had placed a wire screen around the side of his photograph gallery near defendant's electric wires; that one of defendant's wires, which had lost part of its insulating material, had charged the screen with electricity; that deceased, upon being informed that another person who had come in contact with the screen had been killed, deliberately touched the screen to demonstrate that those who asserted that it was charged were mistaken.

Argued April 6, 1898. Appeal, No. 27, Jan. T., 1898, by plaintiff, from order of C. P. No. 1, Phila. Co., Sept. T., 1896, No. 924, refusing to take off nonsuit. Before STERRETT, C. J., GREEN, McCOLLUM, MITCHELL and FELL, JJ. Affirmed.

Trespass to recover damages for death of plaintiff's husband. Before BIDDLE, P. J.

At the trial, it appeared that plaintiff's husband, Albert M. Wood, together with Charles E. Cochran, was engaged on June 18, 1896, in conducting a photograph gallery in Washington park in the city of Philadelphia. The park and gallery were lighted with electricity by the defendant. The rear portion of the gallery was covered with glass, and, to prevent the glass from being broken, the owners had placed a wire screen over it, so arranged that it was about two inches from defendant's wires. The screen became charged with electricity from one of the defendant's electric light wires, which had lost a portion of its insulating material. While plaintiff's husband was sitting in the gallery, a visitor to the park had come in contact with the screen and received a shock which resulted in his death. The deceased, upon hearing the commotion caused by this occurrence, went out of the gallery and learned from some of the persons present that the screen had become charged with electricity, and that this had caused the accident. The deceased then voluntarily touched the screen to demonstrate to the crowd that it was not charged.

The court entered a compulsory nonsuit which it subsequently refused to take off.

*Error assigned* was refusal to take off nonsuit.

*H. Homer Dalbey*, with him *Louis Brégy*, for appellant.—Whether the deceased's action was contributory negligence, as a matter of law, depended upon too many elements to enable the court to apply a fixed and determinate standard of duty under the circumstances, and the question of deceased's contributory negligence should have been submitted to the jury: Christman v. R. R., 141 Pa. 604; R. R. v. Robinson, 44 Pa. 175.

*Joseph T. Bunting*, with him *William C. Hannis*, for appellee, cited Deery v. R. R., 163 Pa. 403; Rothstein v. R. R., 171 Pa. 620; Fisher v. R. R., 182 Pa. 457.

PER CURIAM, April 18, 1898:

We find nothing in the evidence tending to prove that the proximate cause of the death of plaintiff's husband was the defendant company's negligence. On the contrary, it clearly

appears that his death was the result of his own voluntary, deliberate act in touching the screen heavily charged with electricity, in the face of ample notice that it was so charged. His evident purpose, in thus touching the screen, was to demonstrate that those who asserted it was thus charged were mistaken. Further reference to the evidence is unnecessary. It was clearly insufficient to carry the case to the jury, and hence, there was no error in refusing to take off the judgment of nonsuit entered by the learned president of the court below at the trial.

Judgment affirmed.